**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| EL PASO NATURAL GAS COMPANY, a Delaware Corporation,<br><br>　　　　Plaintiff/Counterdefendant,<br><br>v.<br><br>SOUTHWEST FOREST PRODUCTS, INC., an Arizona corporation; SOUTHWEST FOREST PRODUCTS TRANSPORTATION INC., an Arizona corporation; STEPHEN R. VAN DER TOORN, LU ANNE J. VAN DER TOORN; THE VAN DER TOORN FAMILY TRUST<br><br>　　　　Defendants/Counterclaimants. | No. CV 05-4068-PCT-SMM<br><br>**ORDER** |

　　　Before the Court is the parties' Joint Status Report and Motion to File Settlement Agreement Under Seal (Doc. 47). The parties report that they have executed a settlement agreement resolving their dispute, and request that the Court permit the agreement to be filed under seal due to its confidential terms.

　　　The United States Supreme Court recognized a common law right of access to records in civil proceedings in Nixon v. Warner Commc'ns., Inc. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." 435 U.S. 589, 597 (1978).

1  Nevertheless, this right is not absolute; parties may request the court to seal all or part of
2  the record. Id. at 598.  While not outlining all the factors to be considered in deciding
3  whether public access is warranted, the Supreme Court stated that courts should weigh
4  "the interests advanced by the parties in light of the public interest and the duty of the
5  courts." Id. at 602.  The Supreme Court ultimately left the decision whether to seal a
6  document to the discretion of the district court. Id. at 599.
7       The Ninth Circuit's framework for determining when the public right of access
8  should be restricted requires a strong presumption in favor of public access.  Hagestad v.
9  Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995).  In making the decision whether to seal a
10 record, the district could should consider all relevant factors, including
11      the public interest in understanding the judicial process and whether
12      disclosure of the material could result in improper use of the material for
13      scandalous or libelous purposes or infringement under trade secrets...After
14      taking all relevant factors into consideration, the district court must base its
15      decision on a compelling reason and articulate the factual basis for its
16      ruling, without relying on hypothesis or conjecture.
17 Id. (quoting EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990).
18      In their Motion, the parties state confidentiality as the reason for requesting the
19 filing of the agreement under seal: "The terms of the Agreement are confidential and, in
20 the interests of their respective businesses, the parties wish that the terms of the
21 Agreement not be made public."  (Doc. 47 at 8-9).  However, the parties have failed to
22 articulate how the parties' need for confidentiality of the settlement agreement overcomes
23 the strong presumption of public access to the parties' agreement.  The Court, however,
24 will grant the parties an opportunity to demonstrate that they meet the criteria for sealing
25 the settlement agreement.
26      Accordingly,
27      **IT IS HEREBY ORDERED DENYING** the Joint Status Report and Motion to
28 File Settlement Agreement Under Seal (Doc. 47).

1  **IT IS FURTHER ORDERED** that the parties have until **Friday, November 14,**
2  **2008** to file supplemental information regarding the need for sealing the settlement
3  agreement.
4  **IT IS FURTHER ORDERED VACATING** the Status Hearing scheduled for
5  Monday, November 3, 2008, at 1:30p.m.
6  DATED this 28th day of October, 2008.

_____
Stephen M. McNamee
United States District Judge